1  Haytham Faraj (SBN 291416)
   Lance C. Behringer (SBN 315980)
2  **CARPENTER, ZUCKERMAN & ROWLEY**
   407 Bryant Circle, Suite F
3  Ojai, CA 93023
   Tel:   (805) 272-4001
4  Fax:   (805) 719-6858
   Email: Lbehringer@czrlaw.com
5  Attorneys for Plaintiffs

6
7
8              **UNITED STATES DISTRICT COURT**
9
10          **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN**
11                              **DIVISION**
12

| | | |
|---|---|---|
| 13 | JOHN BLACKBURN and DIANE BLACKBURN, | Case No.: 5:18-cv-02487-DOC-SP |
| 14 | | |
| 15 | Plaintiffs, | **PLAINTIFFS' SEPARATE STATEMENT OF ADDITIONAL UNCONTROVERTED FACTS** |
| 16 | vs. | |
| 17 | WALMART, INC., AND DOES 1-50, inclusive, | Date: August 5, 2019<br>Time: 8:30AM<br>Courtroom: 9D<br>District Judge: David O. Carter |
| 18 | Defendants. | |
| 19 | | |

| No. | Opposing parties statement of additional undisputed facts | Evidence |
|---|---|---|
| 24 | On September 7, 2017 Mr. Blackburn went shopping at Walmart for several items including dog food. | Deposition of Plaintiff John Richard Franklin Blackburn ("Blackburn") 42:15-16; 48:8-21 at **Ex. 1.** |
| 25 | Mr. Blackburn found two cans of Pedigree chicken flavored dog food and put them into his cart. | Blackburn, 52:12-24 at **Ex.1.** |
| 26 | Mr. Blackburn got down onto his knees and elbows in order to reach | Blackburn, 52:2-11; 53:7-23; 87:22-24 at **Ex.1** |

Carpenter Zuckerman & Rolwey

1
**PLAINTIFFS' SEPARATE STATEMNT OF ADDITIONAL UNCONTROVERTED FACTS**

| | # | Fact | Evidence |
|---|---|---|---|
| 1, 2 | | back onto the bottom shelf of the display to reach a third can of dog food. | |
| 3, 4, 5 | 27 | Mr. Blackburn retrieved a third can of dog food and was reading the label when he was struck in the head with a can of dog food. | Blackburn, 52:2-11 at **Ex. 1** |
| 6, 7 | 28 | Mr. Blackburn did not bump the display just prior to being struck with the can. | Blackburn, 56:9-15 at **Ex. 1** |
| 8, 9, 10, 11 | 29 | The impact of the dog food can falling on Mr. Blackburn's head caused Mr. Blackburn to "freeze" for an unknown period of time in a state of shock before the sensation of blood flowing down his face awakened him. | Blackburn, 57:12-58:1 at **Ex. 1** |
| 12, 13 | 30 | Mr. Blackburn then got to his feet and searched for a Walmart employee in order to get first aid. | Blackburn, 59:1-21 at **Ex. 1** |
| 14, 15, 16, 17, 18, 19, 20, 21 | 31 | Walmart employees Assistant Store Manager Dominick Garcialazo ("ASM Garcialazo"), Dominique Zarco ("Employee Zarco"), and Store Supervisor Arnold Cortez ("SS Cortez") saw Mr. Blackburn with either blood pouring from his head or blood on his person within minutes after the can fell on Mr. Blackburn's head | Deposition of Store Supervisor Arnold Cortez ("SS Cortez"), 35:20-36:3 at **Ex. 2**<br><br>Deposition of Walmart Employee Dominque Zarco ("Employee Zarco"), 17:7-11 at **Ex. 3**<br><br>Deposition of Walmart Assistant Store Manager Dominick Garcialazo ("ASM Garcialazo"), 45:7-14 at **Ex. 4.** |
| 22, 23, 24 | 32 | ASM Garcialazo asked SS Cortez to go take pictures of the incident scene and assist with the investigation. | SS Cortez, 25:1-7 at **Ex. 2**<br><br>ASM Garcialazo, 38:1-5 at **Ex. 4** |
| 25, 26, 27, 28 | 33 | As part of his role in the investigation, Store Supervisor Cortez inspected the scene where the can had struck Mr. Blackburn and found drops of blood on the ground. | SS Cortez, 32:7-12 at **Ex. 2** |

| | | |
|---|---|---|
| 34 | In the aisle where the incident occurred, Store Supervisor Cortez found a can with a dent and blood on it. | SS Cortez, 30:7- 31:7 at **Ex. 2**<br><br>Photographs of can of dog food that struck Mr. Blackburn—**Ex. 5** |
| 35 | Store supervisor Cortez brought the can to ASM Garcialazo and they put the can in a ziplock bag and saved it in the manager's office. | SS Cortez, 33:1-16 at **Ex. 2** |
| 36 | The can in question has since gone missing and it has not been found. | SS Cortez, 33:1-34:1 at **Ex. 2** |
| 37 | SS Cortez discussed what he found at the scene with ASM Garcialazo and they inspected the scene together. | SS Cortez: 33:1-16 at **Ex. 2**<br><br>ASM Garcialazo, 49:24-50:23 at **Ex. 4** |
| 38 | After conducting the investigation, ASM Garcialazo completed an incident report. | ASM Garcialazo, 51:1-3 at **Ex. 4**<br><br>Walmart incident report created by ASM Garcialazo, **Ex. 6** |
| 39 | As part of ASM Garcialazo's training he was trained to fill out the report as accurately as possible. | Garcialazo, 51:11-14 at **Ex. 4** |
| 40 | As part of his investigation ASM Garcialazo believed one of his duties was to determine how the incident happened. | ASM Garcialazo, 51:19-22 at **Ex. 4** |
| 41 | It was important to ASM Garcialazo to memorialize what he had determined happened as accurately as possible. | ASM Garcialazo, 52:4-8 at **Ex. 4** |
| 42 | The information ASM Garcialazo inputted into the incident report was done either on the day of the incident or shortly thereafter. | ASM Garcialazo, 53:4-7 at **Ex. 4** |
| 43 | ASM Garcialazo wrote on the incident report that "a can of dog food fell off top stock." | Walmart incident report created by ASM Garcialazo, **Ex. 6** |
| 44 | When filling out the incident report ASM Garcialazo put the number "2" next to the question "stacked how many high." | Walmart incident report created by ASM Garcialazo, **Ex. 6** |
| 45 | As part of ASM Garcialazo's | ASM Garcialazo, 56:19-25 at **Ex. 4** |

Carpenter Zuckerman & Rolwey

3

**PLAINTIFFS' SEPARATE STATEMNT OF ADDITIONAL UNCONTROVERTED FACTS**

|   | | |
|---|---|---|
|   | investigation nothing led him to believe that anything other than a can falling from the top shelf stacked one on top of the other caused Mr. Blackburn's injury. | |
| 46 | The photographs taken by SS Cortez show that the same Pedigree Chicken Dog Food can which fell and struck Mr. Blackburn can be seen on the top shelf moments after the incident. | Compilation of photos taken by SS Cortez—**Ex. 7.** |
| 47 | If merchandise is stacked properly on displays its does not fall. | SS Cortez, 19:14-20:6 at **Ex. 2**<br><br>Employee Zarco, 14:1-5 at **Ex. 3**<br><br>ASM Garcialazo, 57:21-58:10 at **Ex. 4** |

DATED: July 15, 2019                      CARPENTER, ZUCKERMAN & ROWLEY

By: _____
HAYTHAM FARAJ
LANCE BEHRINGER
Attorneys for Plaintiffs,
John Blackburn and Diane Blackburn

# CERTIFICATE OF SERVICE

I hereby certify that the following document:

Was served on this date to counsel of record:

Janice Walshok, Esq.
PETTIT KOHN
11622 El Camino Real, #300
San Diego, California 92130

*Attorneys for Defendant,* **Walmart, Inc.**

by means of:

☐ FAX TRANSMISSION.  I transmitted the above-named document from the outgoing fax machine to the fax number(s) listed above.  No error was reported by the fax machine that I used.  I obtained a confirmation of the fax transmission.

UNITED STATES MAIL. I enclosed the documents in a sealed envelope or package addressed to the persons listed at the addresses set forth and placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Beverly Hills, California.

X  OVERNIGHT DELIVERY.  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ E-MAIL DELIVERY.  Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the persons listed above at their respective electronic service addresses indicated above.

☒ ELECTRONIC TRANSMISSION.  I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF System.  The CM/ECF system will send notification of this filing to the person(s) listed above.

EXECUTED on July 15, 2019 at Beverly Hills, California.

*Stephanie Herrick*
Stephanie Herrick